## HOLLOWELL *v.* SCHRADEN ET AL.

*Mechanics' liens — Liability of property owner — Contractor paid in excess of contract price — Lien law became operative, when — Existing and subsequent contracts.*

1. The fact that a contractor has been paid in excess of the contract price will not under the mechanic's lien law, 103 Ohio Laws, 369 *et seq.*, excuse the owner from his liability to a mechanic's lien for material furnished and used in the building of a new house, if the proper steps have been taken by material men, under that statute, to perfect their liens.
2. Where a contract is entered into prior to the taking effect of the mechanic's lien law, for the building of an addition to an already existing house, and the destruction of the house renders the performance of the contract impossible, such contract is terminated, and a contract for the erection of a new house made after such law took effect is subject to such law.

(Decided May 10, 1918.)

APPEAL: Court of Appeals for Butler county.

*Mr. Michael Minges* and *Messrs. Andrews & Andrews,* for plaintiff.
*Mr. Clinton Egbert* and *Mr. Edgar A. Belden,* for defendants.

JONES, P. J.   This case was before this court on appeal, and the evidence heard, on April 14, 1916, but after the evidence had been presented and the case argued there was interposed a motion to dismiss the appeal for want of jurisdiction. This motion was sustained by a majority of the court in a decision announced July 14, 1916, found in 26 C. C., N. S., 97. The supreme court having set aside this dismissal and remanded the case for

retrial [96 Ohio St., 599] it was again heard on February 21, 1918.

The action is brought for the foreclosure of a mechanic's lien upon real estate of the defendant, John D. Schraden. Mr. Schraden made a contract with one John Hoover for the building of a frame addition to a brick dwelling house which stood upon his lot. There is a dispute in the evidence as to whether this contract was made July 19 or some day in August, after August 5, 1913. Mr. Hoover had been building other houses for Mr. Schraden, and Mr. Schraden testified that on July 19, 1913, when he was making a payment upon some other house, they discussed the building of this addition to the brick house on lot 38. The work was to begin when the tenant moved out and the price to be paid for the contemplated addition was $2,300. No plans were then prepared and it is doubtful whether it can be said that a definite contract was then made. The tenant in the brick house did not move out until the middle of September, and there is some doubt from the evidence as to just when plans were prepared or a definite agreement made as to the construction of this addition. The work on it began in September, and during that month the brick house fell into an excavation which Mr. Hoover had made for the purpose of constructing a cellar under the proposed addition. It then became necessary to abandon the idea of using the brick house at all, and the materials contained in it were entirely removed; and thereupon the parties agreed to build a frame bungalow upon the lot instead of the contemplated addition to the brick house which had

been thus destroyed. The plans for this new house or bungalow were prepared and it was constructed by Mr. Hoover, the cost to be $2,300.

The destruction of the brick house rendering it impossible to carry out the contract as originally made, to build an addition to it, terminated that contract. 6 Ruling Case Law, 1007, and 7 Am. and Eng. Ency. Law (2 ed.), 116.

The rights of the parties depend upon the question whether the amendments to the so-called mechanic's lien law, as found in 103 Ohio Laws, 369, *et seq.,* applied, or whether the law as it stood previous to this amendment was applicable.

Section 24 of that act (Section 8323-10, General Code) provides:

"This act shall not be construed to apply to contracts made or entered into at any time before this act shall take effect."

The act took effect August 5, 1913. It is important therefore to determine the date of the contract under which the frame bungalow was built and the material furnished by plaintiff. Even conceding, as claimed by Schraden, that the contract for the addition to the brick house was made July 19, 1913, it must be admitted that the new house was built under a second contract, which necessarily had been made after the destruction of the brick house and subsequent to the date the new law became effective; and, therefore, the provisions of the amended law as found in 103 Ohio Laws, 369, must apply.

The fact that Mr. Hoover has been paid in excess of the contract price, $2,300, will not under this law excuse the owner from his liability to a

mechanic's lien for material furnished and used in the building of the new house, if the proper steps have been taken by the material man, under the statute, to perfect his lien. In our opinion the evidence shows that the door, which was the last item of material furnished by the plaintiff, was included in the contract and a necessary part thereof, and that the affidavit for lien was filed within the terms of the statute, and that plaintiff is entitled therefore to a mechanic's lien for the balance due him. A decree may be taken to that effect.

*Judgment for plaintiff.*

WILSON and HAMILTON, JJ., concur.